CRAIG MARGULIES   (State Bar No. 185925)
MEGHANN TRIPLETT (State Bar No. 268005)
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-377
Email: Meghann@MarguliesFaithLaw.com

Attorneys for Jeremy W. Faith, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>JUDY ANNE MIKOVITS,<br><br>　　　　　　　　　　　Debtor. | Case No.:  9:12-bk-13335-RR<br><br>Chapter:  7<br><br>**MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEREMY W. FAITH IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE:

　　　Jeremy W. Faith, solely in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Judy Anne Mikovits ("Debtor"), hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o), authorizing the Trustee to compromise a controversy with Myers, Widders, Gibson, Jones & Schneider, LLP and its related entities (collectively referred to herein as "MWGJ"), on the terms set forth in the Settlement Agreement and Release (the "Agreement") attached hereto as <u>Exhibit 1</u> to the Declaration of Jeremy W. Faith and as fully described herein.

///

1  This Motion is made upon the attached Memorandum of Points and Authorities,
2  the Declaration of Jeremy W. Faith; the Notice of the Motion which is served upon all
3  interested parties pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy
4  Procedure; all pleadings and records on file herein; all matters which are subject to
5  judicial notice; and all other evidence which may be introduced at or prior to any hearing
6  on this Motion.

7  **MEMORANDUM OF POINTS AND AUTHORITIES**
8  **I.**
9  **STATEMENT OF FACTS**

10  The Debtor commenced this bankruptcy case by the filing of a voluntary petition
11  under chapter 7 of the Bankruptcy Code on September 5, 2012 (the "Petition Date").
12  Thereafter, the Trustee was appointed as the Chapter 7 Trustee for the Debtor's
13  bankruptcy estate in which capacity he continues to serve.
14  The Trustee has alleged that the Debtor made payments to MWGJ, totaling
15  $17,000.00 (the "Transfers") within the 90 days immediately preceding the Petition Date,
16  which constitute avoidable transfers pursuant to 11 U.S.C. § 547 (the "Avoidance
17  Claim").  The Trustee contends the Transfers may be recovered for the benefit of the
18  Estate pursuant to 11 U.S.C. § 547(b).  MWGJ contends that the Transfers are subject
19  to applicable defenses under 11 U.S.C. § 547(c) including an ordinary course of
20  business defense.
21  Subject to Court approval, the Trustee and MWGJ entered into the Agreement
22  (See Exhibit 1) to settle the Avoidance Claim.  Pursuant to the Agreement, MWGJ shall
23  pay the total sum of $10,500 (the "Settlement Amount") to the Estate.  The payment will
24  be in full and final settlement of all claims which the Trustee has against MWGJ and the
25  parties will give each other mutual releases of all claims arising out of or related to any
26  payments made by the Debtor to the MWGJ within the 90 days prior to the Petition Date.
27  The Trustee, in the exercise of his business judgment, has determined that it is in
28  the best interests of the estate to resolve the Avoidance Claim as the expense of

initiating litigation against MWGJ would have exceeded any additional benefit that might be achieved. The Agreement is the product of the parties' negotiations and ultimate cooperative resolution. The Trustee negotiated the Agreement through counsel, taking into account, among other things, the costs of litigation and the likelihood of succeeding at trial and the cost of further administration. Accordingly, the Trustee submits that the compromise is fair and reasonable and should be approved by the Court.

## II.

## ARGUMENT

### A.    The Trustee Is Authorized To Enter Into The Compromise

Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizes a party in interest to compromise a controversy following notice and an opportunity for a hearing. In the case at bar, notice of this Motion, which summarizes the relief sought by the Trustee, was served upon the Debtor, all creditors of the estate, the United States Trustee, as well as all parties who have requested special notice.

An actual hearing is not required pursuant to Local Bankruptcy Rule 9013-1(o). The Trustee does not expect any opposition to the Motion. Accordingly, the Trustee respectfully requests that the Court find that notice has been sufficient for the purpose of this Motion and that the Motion be approved without the need for a hearing.

### B.    The Compromise Should Be Approved

It is well established that settlements are favored over continued litigation. See, e.g., In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Heissenger Resources, Ltd., 67 B.R. 378, 382 (C.D. Ill. 1986). Among the factors to be considered in determining whether a settlement is fair and equitable are the following:

(a)    the probability of successful litigation;

(b)    any impediments to collection;

(c)    the complexity, expense, inconvenience and delay of litigation; and

(d)    the interest of creditors with deference to their reasonable opinions.

3

In re A & C Properties, supra, 784 F.2d at 1381.

The focus of inquiry in reviewing and approving compromises is whether the settlement is reasonable under the particular circumstances of the case. In re General Store of Beverly Hills, 11 B.R. 539, 542 (9th Cir. BAP 1981). Further, it is not the bankruptcy judge's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvas the issues and see whether the settlement falls below the lowest point of the range of reasonableness." In re Heissenger, supra, 67 B.R. at 383. From an analysis of the foregoing factors, the Court should conclude that the terms of the settlement are fair and equitable, and well within the range of reasonableness. Moreover, the Trustee submits that the Agreement is also in the best interest of the Chapter 7 estate.

### 1. **Probability of Success in Litigation**

The Agreement allows the Trustee to settle with MWGJ and avoid the costs associated with filing an adversary proceeding against MWGJ. While the Trustee believes that the estate could prevail in recovery of at least part of the Avoidance Claim, the costs associated with litigation outweigh the benefit to the estate. As such, the Trustee has determined in his best business judgment that the benefits of settling far outweigh the risks and costs of litigation.

### 2. **Difficulties in Collection**

The Trustee believes that MWGJ would be able to pay a judgment against it in the fully amount of the Avoidance Claim. However, under the parties' agreement, MWGJ has agreed to pay approximately 62% of the full amount of the Transfer without further complication.

### 3. **Complexity of Issues**

The legal issues involved are not necessarily complex, however, the Trustee would have to incur a significant amount of time and money, filing an adversary proceeding, including engaging in discovery, attending trial and collection of any judgment thereof. MWGJ produced documents to the Trustee to show applicable

4

1  defenses, and as such, the Trustee believed that MWGJ could prevail, at least in part, on

2  the claimed defenses.

3      Based thereon, the Trustee believes the proposed settlement and compromise is

4  the most expedient and cost effective method for resolving the issues with MWGJ and

5  collecting money for the Estate. The Agreement will therefore further judicial economy.

6      **4.  The Interests of Creditors**

7      The settlement gets the estate 62% of the full amount it would seek in an

8  adversary complaint against MWGJ with minimal expense (under the Parties'

9  Agreement, MWGJ will pay the Estate $10,500 of the $17,000 transferred).

10  The advantageous settlement avoids the risk and cost of litigation and allows the

11  Trustee to preserve resources by reducing litigation costs and at the same time enhance

12  the value of the Estate by generating funds with which to pay the Estate's creditors.

13      In summary, the Agreement is based on the Trustee's good business judgment

14  that it will benefit the Estate and creditors, and therefore approval of the Motion is

15  proper.

16                        **III.**

17                     **CONCLUSION**

18      Accordingly, the Trustee respectfully requests that this Court enter an order:

19         1.    Granting the Motion;

20         2.    Approving the Agreement in the form as set forth in <u>Exhibit 1</u>

21  attached hereto;

22         3.    Authorizing and directing the Trustee and MWGJ to take any and all

23  steps necessary to effectuate the Agreement; and

24         4.    Providing such other and further relief as is just and proper.

25  DATED: January 6, 2014                 MARGULIES FAITH, LLP

26

27                                       By:   */s/ Meghann Triplett*
                                           Meghann Triplett
28                                 Attorneys for Jeremy W. Faith,
                                 Chapter 7 Trustee

## DECLARATION OF JEREMY W. FAITH

I, Jeremy W. Faith, declare as follows:

1. I am the Chapter 7 trustee herein. This Declaration is made in support of the foregoing "Chapter 7 Trustee's Motion to Approve Compromise of Controversy" (the "Motion"). I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2. By the attached motion, I am requesting authority to enter into and consummate the Agreement that I entered into with Myers, Widders, Gibson, Jones & Schneider, LLP (a California Limited Liability Partnership) and its related entities (collectively, "MWGJ"). A true and correct copy of the Settlement Agreement and Release ("Agreement") is attached hereto as Exhibit 1 and is incorporated herein by reference.

3. I have reviewed the Agreement attached hereto as Exhibit 1. I believe that in light of the information provided to me by my counsel Margulies Faith, LLP, that the Agreement is in the best interests of the Estate in light of the uncertainties of litigation, the possibility that the ultimate recovery through litigation may be less than the settlement amount on behalf of the Estate and the costs associated with prosecuting an adversary action against MWGJ. Therefore, I believe that the Agreement is fair, reasonable, and in the best interests of the estate and its creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of January, 2014, at Encino, California.

_____
JEREMY W. FAITH

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled ***MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEREMY W. FAITH IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 9, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

J Scott Bovitz     bovitz@bovitz-spitzer.com
Jeremy W. Faith (TR)     jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
David Joel Follin     legalstaff1@hotmail.com, legalstaff4@hotmail.com
Nancy Ly     bknotice@rcolegal.com, nlee@rcolegal.com
Craig G Margulies     craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Meghann A Triplett     Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov
Edward T Weber     bknotice@rcolegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On January 9, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Judy Anne Mikovits, 2031 Jamestown Way, Oxnard, CA 93035-3747
Attorney for Myers Widders Gibson Jones & Feingold, LLP: Daniel A. Higson, 1835 Knoll Dr., Ventura, CA 93003

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 9, 2014 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                          **F 9013-3.1.PROOF.SERVICE**