1  CRAIG MARGULIES   (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino, California 91436
   Telephone: (818) 705-2777
4  Facsimile:  (818) 705-377
   Email: Meghann@MarguliesFaithLaw.com
5
   Attorneys for Jeremy W. Faith, Chapter 7 Trustee
6

7

8              **UNITED STATES BANKRUPTCY COURT**
                    **DISTRICT OF CALIFORNIA**
9                     **NORTHERN DIVISION**

10 | In re | Case No.:  9:12-bk-13335-RR |
11 | JUDY ANNE MIKOVITS, | Chapter:  7 |
12 | Debtor. | **MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEREMY W. FAITH IN SUPPORT THEREOF** |
13 | | |
14 | | |
15 | | |
16 | | [No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |
17

18

19 TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE:

20     Jeremy W. Faith, solely in his capacity as Chapter 7 Trustee ("Trustee") for the

21 bankruptcy estate of Judy Anne Mikovits ("Debtor"), hereby moves this Court for an

22 order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local

23 Bankruptcy Rule 9013-1(o), authorizing the Trustee to compromise a controversy with

24 Myers, Widders, Gibson, Jones & Schneider, LLP and its related entities (collectively

25 referred to herein as "MWGJ"), on the terms set forth in the Settlement Agreement and

26 Release (the "Agreement") attached hereto as <u>Exhibit 1</u> to the Declaration of Jeremy W.

27 Faith and as fully described herein.

28 ///

1  This Motion is made upon the attached Memorandum of Points and Authorities,
2  the Declaration of Jeremy W. Faith; the Notice of the Motion which is served upon all
3  interested parties pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy
4  Procedure; all pleadings and records on file herein; all matters which are subject to
5  judicial notice; and all other evidence which may be introduced at or prior to any hearing
6  on this Motion.

7  **MEMORANDUM OF POINTS AND AUTHORITIES**

8  **I.**

9  **STATEMENT OF FACTS**

10  The Debtor commenced this bankruptcy case by the filing of a voluntary petition
11  under chapter 7 of the Bankruptcy Code on September 5, 2012 (the "Petition Date").
12  Thereafter, the Trustee was appointed as the Chapter 7 Trustee for the Debtor's
13  bankruptcy estate in which capacity he continues to serve.

14  The Trustee has alleged that the Debtor made payments to MWGJ, totaling
15  $17,000.00 (the "Transfers") within the 90 days immediately preceding the Petition Date,
16  which constitute avoidable transfers pursuant to 11 U.S.C. § 547 (the "Avoidance
17  Claim"). The Trustee contends the Transfers may be recovered for the benefit of the
18  Estate pursuant to 11 U.S.C. § 547(b). MWGJ contends that the Transfers are subject
19  to applicable defenses under 11 U.S.C. § 547(c) including an ordinary course of
20  business defense.

21  Subject to Court approval, the Trustee and MWGJ entered into the Agreement
22  (See Exhibit 1) to settle the Avoidance Claim. Pursuant to the Agreement, MWGJ shall
23  pay the total sum of $10,500 (the "Settlement Amount") to the Estate. The payment will
24  be in full and final settlement of all claims which the Trustee has against MWGJ and the
25  parties will give each other mutual releases of all claims arising out of or related to any
26  payments made by the Debtor to the MWGJ within the 90 days prior to the Petition Date.

27  The Trustee, in the exercise of his business judgment, has determined that it is in
28  the best interests of the estate to resolve the Avoidance Claim as the expense of

initiating litigation against MWGJ would have exceeded any additional benefit that might be achieved. The Agreement is the product of the parties' negotiations and ultimate cooperative resolution. The Trustee negotiated the Agreement through counsel, taking into account, among other things, the costs of litigation and the likelihood of succeeding at trial and the cost of further administration. Accordingly, the Trustee submits that the compromise is fair and reasonable and should be approved by the Court.

## II.

## ARGUMENT

### A.  The Trustee Is Authorized To Enter Into The Compromise

Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizes a party in interest to compromise a controversy following notice and an opportunity for a hearing. In the case at bar, notice of this Motion, which summarizes the relief sought by the Trustee, was served upon the Debtor, all creditors of the estate, the United States Trustee, as well as all parties who have requested special notice.

An actual hearing is not required pursuant to Local Bankruptcy Rule 9013-1(o). The Trustee does not expect any opposition to the Motion. Accordingly, the Trustee respectfully requests that the Court find that notice has been sufficient for the purpose of this Motion and that the Motion be approved without the need for a hearing.

### B.  The Compromise Should Be Approved

It is well established that settlements are favored over continued litigation. See, e.g., In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Heissenger Resources, Ltd., 67 B.R. 378, 382 (C.D. Ill. 1986). Among the factors to be considered in determining whether a settlement is fair and equitable are the following:

    (a)    the probability of successful litigation;

    (b)    any impediments to collection;

    (c)    the complexity, expense, inconvenience and delay of litigation; and

    (d)    the interest of creditors with deference to their reasonable opinions.

In re A & C Properties, supra, 784 F.2d at 1381.

The focus of inquiry in reviewing and approving compromises is whether the settlement is reasonable under the particular circumstances of the case. In re General Store of Beverly Hills, 11 B.R. 539, 542 (9th Cir. BAP 1981). Further, it is not the bankruptcy judge's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvas the issues and see whether the settlement falls below the lowest point of the range of reasonableness." In re Heissenger, supra, 67 B.R. at 383. From an analysis of the foregoing factors, the Court should conclude that the terms of the settlement are fair and equitable, and well within the range of reasonableness. Moreover, the Trustee submits that the Agreement is also in the best interest of the Chapter 7 estate.

### 1. Probability of Success in Litigation

The Agreement allows the Trustee to settle with MWGJ and avoid the costs associated with filing an adversary proceeding against MWGJ. While the Trustee believes that the estate could prevail in recovery of at least part of the Avoidance Claim, the costs associated with litigation outweigh the benefit to the estate. As such, the Trustee has determined in his best business judgment that the benefits of settling far outweigh the risks and costs of litigation.

### 2. Difficulties in Collection

The Trustee believes that MWGJ would be able to pay a judgment against it in the fully amount of the Avoidance Claim. However, under the parties' agreement, MWGJ has agreed to pay approximately 62% of the full amount of the Transfer without further complication.

### 3. Complexity of Issues

The legal issues involved are not necessarily complex, however, the Trustee would have to incur a significant amount of time and money, filing an adversary proceeding, including engaging in discovery, attending trial and collection of any judgment thereof. MWGJ produced documents to the Trustee to show applicable

defenses, and as such, the Trustee believed that MWGJ could prevail, at least in part, on the claimed defenses.

Based thereon, the Trustee believes the proposed settlement and compromise is the most expedient and cost effective method for resolving the issues with MWGJ and collecting money for the Estate. The Agreement will therefore further judicial economy.

### 4. The Interests of Creditors

The settlement gets the estate 62% of the full amount it would seek in an adversary complaint against MWGJ with minimal expense (under the Parties' Agreement, MWGJ will pay the Estate $10,500 of the $17,000 transferred). The advantageous settlement avoids the risk and cost of litigation and allows the Trustee to preserve resources by reducing litigation costs and at the same time enhance the value of the Estate by generating funds with which to pay the Estate's creditors.

In summary, the Agreement is based on the Trustee's good business judgment that it will benefit the Estate and creditors, and therefore approval of the Motion is proper.

## III.

## CONCLUSION

Accordingly, the Trustee respectfully requests that this Court enter an order:

1. Granting the Motion;
2. Approving the Agreement in the form as set forth in Exhibit 1 attached hereto;
3. Authorizing and directing the Trustee and MWGJ to take any and all steps necessary to effectuate the Agreement; and
4. Providing such other and further relief as is just and proper.

DATED: January 6, 2014                    MARGULIES FAITH, LLP

By:  */s/ Meghann Triplett*
Meghann Triplett
Attorneys for Jeremy W. Faith,
Chapter 7 Trustee

5

# DECLARATION OF JEREMY W. FAITH

I, Jeremy W. Faith, declare as follows:

1. I am the Chapter 7 trustee herein. This Declaration is made in support of the foregoing "Chapter 7 Trustee's Motion to Approve Compromise of Controversy" (the "Motion"). I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2. By the attached motion, I am requesting authority to enter into and consummate the Agreement that I entered into with Myers, Widders, Gibson, Jones & Schneider, LLP (a California Limited Liability Partnership) and its related entities (collectively, "MWGJ"). A true and correct copy of the Settlement Agreement and Release ("Agreement") is attached hereto as Exhibit 1 and is incorporated herein by reference.

3. I have reviewed the Agreement attached hereto as Exhibit 1. I believe that in light of the information provided to me by my counsel Margulies Faith, LLP, that the Agreement is in the best interests of the Estate in light of the uncertainties of litigation, the possibility that the ultimate recovery through litigation may be less than the settlement amount on behalf of the Estate and the costs associated with prosecuting an adversary action against MWGJ. Therefore, I believe that the Agreement is fair, reasonable, and in the best interests of the estate and its creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of January, 2014, at Encino, California.

_____
JEREMY W. FAITH

Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

The parties to this Settlement Agreement and Release (the "Agreement") are Jeremy W. Faith, the duly-appointed and acting Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Judy Anne Mikovitz (the "Debtor"), on the one hand, and Myers, Widders, Gibson, Jones & Schneider, LLP (a California Limited Liability Partnership); Myers, Widders, Gibson, Jones & Schneider, LLP-NV (a Nevada Limited Liability Partnership); Myers, Widders, Gibson & Jones, LLP (a California Limited Liability Partnership); Myers, Widders, Gibson & Jones, LLP- NV (a Nevada Limited Liability Partnership); Myers, Widders, Gibson, Jones & Feingold, LLP (a California Limited Liability Partnership); Myers, Widders, Gibson, Jones & Feingold, LLP-NV (a Nevada Limited Liability Partnership) (collectively referred to herein as "MWGJ"), on the other. The Trustee and MWGJ are sometimes collectively referred to herein as the "Parties."

## RECITALS

This Agreement is made with reference to the following:

A. On September 5, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The case is still pending before the United States Bankruptcy Court for the Central District of California ("Court") as In re Judy Anne Mikovitz, Case Number 9:12-bk-13335-RR (the "Bankruptcy Case")

B. Jeremy W. Faith is the duly appointed, qualified and acting Chapter 7 Trustee for this Bankruptcy Case.

C. The Trustee has alleged that the Debtor made the following payments to MWGJ, totaling $17,000.00 (the "Transfers") within 90 days immediately preceding the commencement of the Bankruptcy Case, which constitute avoidable transfers pursuant to 11 U.S.C. § 547 (the "Avoidance Claim"):

| DATE OF PAYMENT | AMOUNT OF PAYMENT |
|---|---|
| 07/11/2012 | $11,000.00 |
| 07/20/2012 | $6,000.00 |
| **TOTAL** | **$17,000.00** |

D. MWGJ contends that all of the Transfers are subject to applicable defenses under 11 U.S.C. § 547(c) including an ordinary course of business defense.

E. It is the intention of the Parties hereto to settle and dispose of, fully and completely, any and all claims, demands and causes of action related to any liability for the Avoidance Claim.

F. Subject to the terms and conditions of this Agreement, the Trustee has agreed to settle his claims against MWGJ.

Page 1 of 4

Exhibit 1    Page 7

## AGREEMENT

NOW, THEREFORE, in consideration of the recitals above, the covenants and agreements below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto hereby agree as follows:

1. <u>PAYMENT</u>:  MWGJ shall pay to Trustee the total sum of $10,500.00 (the "Settlement Amount"). The Settlement Amount shall be fully paid within fourteen (14) days of the execution of this Agreement. The payment shall be in the form of a check made payable to "Jeremy W. Faith, Chapter 7 Trustee" and delivered to the following address: Jeremy W. Faith, Margulies Faith, LLP, 16030 Ventura Blvd. Suite 470, Encino, CA 91436.

2. <u>WAIVER</u>:  MWGJ specifically waives and releases any *right or claim MWGJ* has against the Bankruptcy Estate and shall not be entitled to any distribution to the general unsecured creditors.

3. <u>APPROVAL BY THE COURT</u>:  Following the execution of this Agreement, the Trustee shall file a motion for an order approving this Agreement.  The effectiveness of this Agreement shall be subject to the Court's approval.  If a payment is delivered to the Trustee before an order is entered approving the Agreement, and the Court thereafter denies the motion, the Trustee shall immediately return the payment to MWGJ.

4. <u>RELEASES</u>:  Subject to the terms and conditions of this Agreement, the Trustee promises, agrees and specifically releases MWGJ, all partners, former partners and related entities and MWGJ promises, agrees and specifically releases the Trustee from any and all claims, demands, and causes of action related to the Avoidance Claim.

5. <u>REPRESENTATIONS AND WARRANTIES</u>:  Each of the Parties to this Agreement represents, warrants, and agrees as to itself/himself as follows:

   a. No party (nor any officer, agent, employee, representative, or attorney of or for any party) has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement, and each party does not rely upon any statement, representation or promise of any other party (or of any officer, agent, employee, representative, or attorney for the other party), in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

   b. Each party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as it deems necessary.

   c. Each party or responsible officer thereof has read this Agreement and understands the contents hereof.  Each of the officers executing this Agreement on behalf of their respective entities is empowered to do so and thereby binds his respective entity.

d. In entering into this Agreement and the settlement provided for herein, each party assumes the risk of any misrepresentation, concealment or mistake. If any party should subsequently discover that any fact relied upon by it in entering into this Agreement was untrue, or that any fact was concealed from it, or that its understanding of the facts or of the law was incorrect, such party shall not be entitled to any relief in connection therewith, including, without limitation on the generality of the foregoing, any alleged right or claim to set aside or rescind this Agreement. This Agreement is intended to be and is final and binding between the parties hereto, regardless of any claims of misrepresentation, promise made without the intention to performing, concealment of fact, mistake of fact or law, or of any other circumstance whatsoever.

e. Each party has not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, and cause or causes of action disposed of by this Agreement.

f. Each term of this Agreement is contractual and not merely a recital.

6. <u>SETTLEMENT</u>: This Agreement affects the settlement of claims which are denied and contested and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party. Each of the Parties hereto denies any liability in connection with any claim and intends merely to avoid litigation and buy its peace.

7. <u>PARTIES TO BEAR OWN COSTS</u>: It is understood and agreed that, except as provided herein, the Parties shall bear their own costs and attorneys' fees with respect to the dispute between the Parties.

8. <u>MISCELLANEOUS</u>:

a. The Parties will execute all such further and additional documents as shall be reasonable, convenient, necessary or desirable to carry out the provisions of this Agreement.

b. This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of California.

c. This Agreement is the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement may be amended only by an agreement in writing.

d. Each party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party.

e. Any dispute relating to this Agreement shall be resolved in the bankruptcy court and the parties waive the right to a jury trial.

f. In the event of litigation relating to this Agreement, the prevailing party shall be entitled to attorneys' fees.

g. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties.

This Agreement, consisting of 4 pages, is made and entered into on and as of December ___, 2013 in Santa Barbara County, California and is effective as of this date.

By: _____
Jeremy W. Faith
Chapter 7 Trustee for the Bankruptcy Estate of
Judy Anne Mikovitz


MYERS, WIDDERS, GIBSON, JONES

By: _____

Its: _____

APPROVED AS TO FORM:

HIGSON CHENEY MANSFIELD, PC

By: _____
Daniel A. Higson, Esq.
Attorneys for Myers, Widders, Gibson, Jones

MARGULIES FAITH, LLP

By: _____
Meghann Triplett, Esq.
Attorneys for Jeremy W. Faith, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled ***MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEREMY W. FAITH IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 9, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

J Scott Bovitz     bovitz@bovitz-spitzer.com
Jeremy W. Faith (TR)     jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
David Joel Follin     legalstaff1@hotmail.com, legalstaff4@hotmail.com
Nancy Ly     bknotice@rcolegal.com, nlee@rcolegal.com
Craig G Margulies     craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Meghann A Triplett     Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov
Edward T Weber     bknotice@rcolegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On January 9, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Judy Anne Mikovits, 2031 Jamestown Way, Oxnard, CA 93035-3747
Attorney for Myers Widders Gibson Jones & Feingold, LLP: Daniel A. Higson, 1835 Knoll Dr., Ventura, CA 93003

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 9, 2014 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**